CASE 110—MOTION OF LOUISVILLE RY. CO. AGAINST HERMAN ALBIN
FOR JUDGMENT ON A BOND FOR COSTS.—MARCH 12, 1902.

# Albin v. Louisville Railway Co.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

STENOGRAPHERS—TRANSCRIPT OF NOTES—TAXATION OF FEE AS COSTS.

Held:   1. Under Kentucky Statutes, section 4639, requiring the offi-
cial stenographer, upon direction of the judge, either upon his
own motion or upon the motion of either party, to take steno-
graphic notes of the testimony in an action, "and upon the mo-
tion of either party," to cause a full transcript of the same to
be made, the fee of the stenographer for such transcript can not
be taxed as a part of the costs against the unsuccessful party,
unless the transcript was made by order of the court.

MATT O'DOHERTY, FOR APPELLANT.

The main question by this appeal is whether or not the ap-
pellee could rightfully require the appellant who was surety on
the bond for costs, to pay the costs of the stenographic tran-
script of the evidence amounting to $92.60 and a partial tran-
script amounting to $7.20.   Our contention is (1) that these
costs were needlessly incurred by the appellee and can not for
that reason be charged to the appellant, and (2) that the stenog-
rapher was never ordered by the court to make a transcript of
the evidence.   It was made without any authority and can not
therefore, under the statute, be taxed as cost at all.

The appellee moved for judgment upon the bond, and appel-
lant filed his answer to the notice and motion for judgment, in
which he challenged the correctness of the taxation of costs by
the clerk, and set up specifically that there was included in the
taxation of $222.70, the sum of $92 costs of the stenographic
report of the evidence at the first trial, and that said tran-
script was not made by or in obedience to any order of the
court, and that no order to the stenographer to transcribe the
notes of the evidence was ever made, and that same was made
solely at the instance and for the convenience of the defendant,
and that said expense was needlessly incurred and is no part
of the costs of the proceeding.

Albin v. Louisville Ry. Co.

There was no reply to the answer, and the facts stated were, therefore, confessed to be true.

Our second contention is that the statute, section 4639, expressly provides *when* the stenographic notes of the evidence may be transcribed, *and it is only when this has been done pursuant to the statute that the fees of the stenographer for making the transcript can be taxed as costs.* Until it is ordered by the court there is no authority found in the statute for imposing the fee for making it on any one but the party ordering it. Ky. Stats., sec. 4639.

FAIRLEIGH, STRAUS & EAGLES, for appellees.

It is the well-established rule of this court that if upon the hearing of the appeal on a partial transcript it appears that portions of either the pleadings or evidence bearing upon the question have been omitted from the transcript, the appellant court must presume that they would sustain the action of the lower court.

Therefore, even if the very technical construction of section 4639 obtain, yet this court is bound to presume that the defendant in the trial court moved the court to cause the stenographer to make a complete transcript of the testimony.

It appears from the record before you that the fees were taxed "as part of the costs of the proceeding;" then this court must presume from this partial record that the fees were properly fixed by the judge.

The trial court signed and approved both the bill of exceptions and the transcript of the testimony, and all that was necessary to have been done must be presumed to have been done.

MATT O'DOHERTY, for appellant upon petition for rehearing.

The appellant in this case is certainly playing in hard luck. The lower court decided the facts in his favor, but the law against him, holding that the cost of the stenographic transcript was chargeable against him, although it had not been ordered by the court, and this honorable court has decided the law in his favor, but without any evidence, has determined the fact against him, that the court below did order the transcript to be made, or at least that it must be presumed that such is the case. We quote from the opinion: "Section 4639, Kentucky Statutes, seems to sustain appellant's contention that an order of court was necessary in order to authorize the said $92, to be included in the taxation. But the presumption would seem to be that such order was made else it would not have been included in the execution issued, and as neither fraud or mistake as to the issual

of the execution is alleged in the answer, we are inclined to the opinion that the answer was insufficient."

It was distinctly alleged in the answer of the appellant that the stenographic transcript was not made by, or in obedience to any order of court, and this fact, which was clearly apparent upon the face of the record, *was confessed by appellee's demurrer to the answer.* The appellant was not a party to the original action. He was merely surety upon the bond of the plaintiff in that suit. The proceeding here was a summary one against him by motion authorized by the code. He filed his answer, as he had the right to do, stating the facts upon which he relied, and these facts were confessed by appellee's demurrer. The proceeding against him was not instituted on the execution nor by virtue of it. It was a motion against him for the costs which the clerk had taxed and for which the clerk had issued an execution. It was incumbent upon the appellee in moving for judgment against the sureties to show its right to the costs claimed. This was the very thing which the appellant distinctly alleged had not been done. How, then, can any presumption be indulged that it was done?

We think, therefore, the surety on the bond ought not to be thus mulcted, and that no liability beyond what the law clearly imposes should be allowed to rest upon him. We ask that the court reconsider its ruling in this case and that a rehearing be granted and the judgment appealed from reversed. Brunnel v. Thompson, 12 Bush, 116.

REHEARING GRANTED FORMER OPINION WITHDRAWN.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—REVERSING.

The appellee, upon notice duly executed, moved the circuit court of Jefferson county, common pleas division, for a judgment against the appellant for $222.70, based upon his liability as surety on a bond for cost in the suit of the Kansas City Land Company against the Louisville Railway Company. The substance of the defendant's answer is a denial that the cost of the case had been duly taxed by the clerk of the court, or that the amount was the sum of $222.70. It is further alleged that there is included in said taxation of costs the sum of $92, alleged to have been paid by plaintiff for a stenographic report of the evidence at

the first trial of this case; that the stenographic transcript was not made by or in obedience to any order of the court; that it was made at the instance and for the accommodation and convenience of defendant in preparing its bill of exceptions at its first trial; that it was needlessly incurred; and that no appeal could have been successfully prosecuted, and that the case was finally decided in favor of the railway company. The court sustained appellee's demurrer to the answer, and rendered judgment for the amount claimed, and, appellant's motion for a new trial having been overruled, he prosecutes this appeal.

It is insisted for appellant that, as there was no order of court directing the transcribing of the stenographic notes, the fee therefor, $92, was not legally taxable against the party plaintiff in the original suit; or, in other words, no judgment was ever rendered for that sum, though the same was included in the execution issued upon the judgment rendered. Section 4639, Kentucky Statutes, reads as follows: "Upon any trial or proceeding in any civil case in said court or division, if either party to the suit, or their attorney, shall request the services of said reporter, or if, in the opinion of the presiding judge, the testimony should be preserved, the presiding judge shall direct such reporter to make a full report of the testimony heard therein, whereupon it shall be the duty of the reporter to take full stenographic notes of such testimony, and upon the motion of either party to the suit or proceeding, or their attorney, to cause a full and accurate transcript of the same to be made, which shall be filed among the papers to be used in making up the bill of exceptions to the court of appeals." It is the contention of appellee that either party may apply to the stenographer for a transcript of the evidence, and that the cost thereof shall be taxed as ordinary cost of the

suit. The contention of appellant is that no charge for such transcript could be taxed as cost against him unless the same was ordered by the court to be made out. It will be seen by an examination of the section, supra, that all the services as well as the appointment of the reporter shall be made by the court on motion or on his own motion. After the appointment of the reporter, it is his duty to take full stenographic notes of the testimony. It is also provided that upon motion of either party an accurate transcript of the testimony shall be made. If we carefully examine and analyze the section, we find that, if either party requests the services of a reporter, or if the judge is of the opinion that the testimony should be preserved, the reporter shall be directed, etc., whereupon it shall be the duty of the reporter to take full stenographic reports of the testimony; and then follow the words, "and upon the motion," etc. Manifestly the motion is made to the court. The entire question of appointment of the reporter is under the control of the court, and it seems clear that the duties of the reporter, in the absence of a statute, should be controlled by the court. If we omit from the section all commencing with the word "whereupon" and ending with the word "testimony," the section would still be complete. It would then in substance provide for the appointment of a stenographer, and what should be done, all of which must be ordered on motion— evidently on motion made to the court. The succeeding section (4630) seems to sustain the contention of appellant, for in said section it still more clearly appears that the entire question of making a transcript of the evidence is to be done by order of the court. After a careful consideration of the law, we are of opinion that under section 4639 the costs of a transcript of the stenographer's notes can not

Albin v. Louisville Ry. Co.

be taxed as cost against the unsuccessful party, unless such transcript is ordered by the court to be made. It results from the foregoing that the court erred in sustaining the demurrer to appellant's answer.

The judgment is reversed, and cause remanded, with direction to overrule the demurrer, and for proceedings consistent herewith.